UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL PEIFFER,

    Plaintiff,                                         Civil Action No. 16-CV-13824

vs.                                                    HON. BERNARD A. FRIEDMAN

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT
## KANGAS' MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on the motion of defendant Kangas for summary judgment [docket entry 41]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

The Court recently summarized the facts and claims in this case as follows:

> This is a prisoner civil rights matter. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights by failing "to timely provide x-rays to properly diagnose [his] shoulder injury and provide proper treatment." Compl. ¶ 25. Plaintiff alleges that in October 2014 he "fell while descending from his top bunk in the Clinton County Jail and injured his chest and shoulders." *Id.* ¶ 15. In January 2015 plaintiff was transferred to the Newberry Correctional Facility, and in December 2015 he was transferred to the Central Michigan Correctional Facility. *Id.* ¶¶ 17, 21. While confined at the jail and at both prisons, plaintiff alleges that he complained repeatedly about shoulder pain, but that his requests for x-rays were denied and that he was prescribed only over-the-counter Tylenol and exercises for his pain, all of which he says was ineffective. The complaint names the Michigan Department of Corrections ("MDOC"), Corizon (which, under a contract with the MDOC, provides medical care for MDOC inmates), the Clinton County sheriff, one physician (defendant Papendick), and four registered nurses (defendants Lamb,

Harbaugh, Blakely, and Bailey).

Op. and Order dated Sept. 7, 2017. Defendant Kangas was the Clinton County sheriff during the time when plaintiff was incarcerated at that county's jail. As to him, the complaint alleges only that he "was responsible for the operations of the Clinton County Jail, including its health care department" and that he "has a policy of restricting medical care to emergency services in order to save money." Compl. ¶¶ 5, 30.

Plaintiff alleges that he fell from his bunk at the Clinton County jail on October 28, 2014, *see* Compl. ¶ 15, and that he was confined at the jail for 45 or 55 days. *See* Pl.'s Resp. Br. at 3. During this time, plaintiff submitted "Inmate Request Forms" requesting Motrin or Ibuprofen on seven occasions for painful teeth and shoulders; on one occasion, plaintiff also requested that his shoulders be x-rayed. *See* Def.'s Ex. 2. An RN responded promptly to each "kite," indicating that plaintiff was examined and provided Ibuprofen and penicillin, and that there was "no physical indication requiring x ray of bone." *Id.*

Defendant suggests a number of reasons why he is entitled to summary judgment, but plaintiff's failure to allege his personal involvement in the denial of medical care is dispositive. The mere fact that the sheriff is "responsible for the operations of the Clinton County Jail," Compl. ¶ 5, does not suffice to establish his liability under § 1983 for any violation of inmates' rights that may occur at the jail. "[S]upervisory personnel are not liable under the doctrine of respondeat superior; rather, plaintiff must allege that a supervisor condoned, encouraged, or knowingly acquiesced in the alleged misconduct." *White v. Cty. of Wayne*, 20 F. App'x 450, 451 (6th Cir. 2001). Plaintiff does not allege that he ever communicated with the sheriff or that the sheriff was even aware of plaintiff's medical condition or requests for care.

Under these circumstances, plaintiff's claim against the sheriff is untenable.

While an unconstitutional policy adopted by the sheriff might support a municipal liability claim against the county, plaintiff has not named Clinton County as a defendant. Nor has plaintiff properly pled the existence of any such policy, but only asserted that the sheriff "has a policy of restricting medical care to emergency services in order to save money." Compl. ¶ 30. A "bare bones" allegation of this nature may at one time have sufficed. However, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court announced heightened pleading requirements. *Twombly* requires a complaint to contain "enough facts to state a claim to relief that is plausible on its face," 550 U.S. at 570, while *Iqbal* requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 679. Further, *Iqbal* held that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." 556 U.S. at 679. Plaintiff's unsupported, single-sentence allegation does not satisfy these heightened pleading standards. As in *White*, plaintiff has "identified no county policy or custom that might give rise to municipal liability and alleged no personal involvement by the defendant sheriff that might give rise to liability." *White*, 20 F. App'x at 451. Accordingly,

IT IS ORDERED that defendant Kangas' motion for summary judgment is granted.

Dated: September 12, 2017
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S Mail addresses disclosed on the Notice of Electronic filing on September 12, 2017.

s/Teresa McGovern
Case Manager Generalist